UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANCHIDER CHARISME (A-Number: 243-052-225),

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-06595-DC-JDP (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 6, 8)

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 11, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (Doc. No. 8.) On September 12, 2026, Respondents filed objections, stating merely that "[f]or the reasons set forth in Respondents' previous briefing, Respondents object to the Findings and Recommendations." (Doc. No. 9.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.

Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention

during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, 2026 WL 1131003 (E.D. Cal. Apr. 25, 2026) (same as to noncitizen who lived in United States for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, 2026 WL 1482712 (E.D. Cal. May 27, 2026) (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, 2026 WL 1134641 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, 2026 WL 640924 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years). Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the

---

[1] Respondents also highlight Petitioner's May 2023 arrest that resulted in Petitioner's January 2024 *nolo contendere* plea to attempted burglary. (Doc. No. 6 at 2, 16.) Two and a half years later, in July 2026, Petitioner was detained by immigration authorities at a probation office. (Doc. No. 6 at 2.) Respondents do not provide argument as to the implications of Petitioner's prior arrest or plea on this case, if any. These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy.

court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 11, 2026 (Doc. No. 8), are ADOPTED;
2. Petitioner Anchider Charisme's (A-243-052-225) petition for a writ of habeas corpus (Doc. No. 1), is GRANTED, as follows;
    a. Petitioner shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his detention in July 2026. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;
    b. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
    c. Within three (3) days of the date of entry of this order, Respondents are ORDERED to file a notice of compliance with this court confirming that Petitioner has been released from custody;
    d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and
    e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
3. Respondents' motion to dismiss (Doc. No. 6) is DENIED;
4. The Clerk of the Court is directed to serve the California City Detention Facility with a copy of this order; and

/////

/////

5. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **October 6, 2026**

Dena Coggins
United States District Judge